No. 25-1342

_____

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

_____

**DAVID D'AMBROSIO**
Alien No. 219633255

*Petitioner*,

v.

Pamela Bondi,
U.S. Attorney General,

Kristi Noem,
Secretary of the Department of Homeland Security,

Todd Lyons, Assistant Secretary of
Immigration & Customs Enforcement,

*Respondents.*

_____

On Petition for Review from a Final Administrative Order
By Immigration & Customs Enforcement

_____

## PETITIONER'S EMERGENCY MOTION FOR
## STAY OF REMOVAL PENDING REVIEW

April 8, 2025

Petitioner, David D'Ambrosio, through undersigned counsel, hereby moves the Court for an Order staying his physical deportation from the United States until such time as the Court has issued a final decision on the Petition for Review which is currently pending. Petitioner moves the Court to issue an emergency stay of deportation and files this motion and memorandum of law in support of the stay of deportation. In support of such Motion, Petitioner states through counsel as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

1. On February 19, 2025, the Department of Homeland Security detained Petitioner upon being returned to the United States border by Canadian authorities after taking a wrong turn while driving in Vermont and mistakenly arriving at the Canadian border. Upon realizing the error and not having a passport or a visa to enter Canada, the Canadian authorities returned him to the United States where ICE detained him.

2. Petitioner was initially detained at NorthWest Correctional Facility in St. Albans, Vermont; but was subsequently transferred to Plymouth County Correctional Facility in Massachusetts.

4. On behalf of Petitioner, undersigned counsel filed a VAWA (Violence Against Women's Act) based self-petition (Form I-360) based on the extreme cruelty that he endured by his USC spouse with an adjustment of status application (Form I-485) with U.S. Citizenship and Immigration Services (USCIS) on March 12, 2025.

5. Petitioner then filed a Writ of Habeas Corpus (Habeas Petition) pursuant to 28 U.S.C. § 2241 with the United States District Court of Massachusetts on April 4, 2025 to order his release from prolonged detention without a removal order. Petitioner is not a criminal and the only allegation that ICE brought against him is that he entered on a Visa Waiver Program ("VWP") and overstayed.

6. Late last week, the United States District Court of Massachusetts scheduled undersigned counsel and the attorneys for the government to appear for a hearing on the Habeas Petition scheduled for April 7, 2025 at 3:00 p.m. in the afternoon.

5. Yesterday, on April 7, 2025, U.S. Immigration and Customs Enforcement served Petitioner with a Final Administrative Removal Order only hours prior to the hearing on the Habeas Petition, alleging he is a Visa Waiver Program Violator and therefore is ineligible for any forms of relief such as the VAWA adjustment of status which he has pending before USCIS.

David D'AMBROSIO Motion for Stay Pending Review 3

6. Undersigned counsel was not served a copy of the Final Administrative Removal Order prior to the hearing on the Habeas Petition and learned about it after Petitioner called undersigned counsel's law firm despite having previously filed a notice of entry of appearance as an attorney with ICE's Enforcement and Removal Operations (ERO).

7. The Final Administrative Removal Order makes no factual allegation concerning the Petitioner's alienage; does not allege Petitioner violated the terms of the Visa Waiver Program by remaining in the United States longer than permitted; and fails to cite to a provision of U.S.C. § 1227 as grounds of deportability.

8. Moreover, the Final Administrative Removal Order purports to establish by "clear and convincing evidence" that Petitioner is removable from the United States but fails to do so.

10. Today, on April 8, 2025, undersigned counsel filed a Petition for Review with this Court to contest the Final Administrative Removal Order. In such cases, filing the Petition for Review and service upon the government does not act automatically to stay the Petitioner's deportation from the United States during the pendency of the Petition for Review. 8 U.S.C §1105(a)(3).

11.  Petitioner has to date filed a Petition for Review before this Court pursuant 8 U.S.C. §1252(a)(2).

12. Petitioner is therefore subject to being physically removed and deported from the United States at any time, because he is detained under ICE custody and control at Plymouth County Correctional Facility in Massachusetts.

## JURISDICTIONAL AND VENUE STATEMENT

ICE's Final Administrative Removal Order is a final administrative decision subject to judicial review under 8 U.S.C. § 1252(a). Since Petitioner entered under the Visa Waiver Program, he is ineligible to have his case reviewed by the Immigration Court or the BIA, except for a claim for asylum. Under this Court's holding in O'Riordan v. Barr, 925 F.3d 6, 10 (1st Cir. 2019), this Court has jurisdiction to review ICE's Final Administrative Removal Order via a Petition for Review.

Venue is proper in this Circuit because an ICE in Plymouth Correctional Facility, Massachusetts issued the final order of removal. See 8 U.S.C. § 1252(b)(2).

## **REASONS THE STAY SHOULD BE GRANTED**

This Court applies the standard four-factor test to motions for stays of removal pending appellate review: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Pineda v. Whitaker*, 908 F.3d 836, 840 n.3 (1st Cir. 2018)(citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)). The factors here all decisively weigh in favor of a stay.

I. **David Has a Strong Likelihood of Success on the Merits of his Petition.**

This Court reviews legal determinations of ICE's Final Administrative Removal Orders *de novo* and can also review findings of fact. To prevail on his Petition for Review, David must demonstrate that ICE's decision was based on an error of law or was unconstitutional. David also has a claim under the APA to challenge this order, which will explained below. Petitioner meets this standard based on the four corners of the decision itself. Petitioner contends that DHS's Final Administrative Order of Removal is invalid because DHS has failed to establish by "clear and convincing evidence" that Petitioner is removable from the

United States. Further, DHS has not produced any evidence of Petitioner's alienage or the Form I-94W, Nonimmigrant Visa Waiver Arrival/Departure Document or the Electronic System of Travel Authorization (ESTA) or any other evidence demonstrating Petitioner waived his right to contest an action for his removal and that this waiver was knowing and voluntary.

Furthermore, Petitioner's issuance of a Final Administrative Order of Removal is contrary to an ICE internal directive on the treatment of crime victims that was rescinded by an internal policy memorandum under the Trump Administration that failed to comply with the Administrative Procedures Act (APA).

ICE Directive 11005.3: Using a Victim-Centered Approach with Noncitizen Crime Victims has been in effect since December 2, 2021. It is a very thorough and thoughtful memo that stated that ICE needs to be more forgiving to victims of crimes because as a society we have an interest to protect victims. The prior directive was replaced by ICE Policy Number: 11005.4 of the Trump administration that rescinded the previous directive, but it is only titled as "interim guidance". The reason for that is that probably Defendants know they violated the law by rescinding the prior directive. DHS must follow proper rulemaking procedures, including providing notice and an opportunity for public comment,

when rescinding or implementing significant policies. They failed to do that in this case in violation of Petitioner's rights under the APA.

In *Department of Homeland Security v. Regents of the University of California*, 140 S. Ct. 1891 (2020), the Supreme Court held that DHS's decision to rescind the Deferred Action for Childhood Arrivals (DACA) program was arbitrary and capricious under the APA. The Court found that DHS failed to provide a reasoned explanation for its action and did not consider important aspects of the issue, such as the reliance interests of DACA recipients. The Court emphasized that agencies must provide a thorough explanation when changing policies, especially when those policies have significant impacts.

Since the prior ICE directive 11005.3 was unlawfully rescinded, the current directive should be rescinded and declared contrary to APA and the prior directive should be returned in its place. Based on the prior directive, Petitioner should have never been detained and should have never been issued the Final Administrative Removal Order, but rather ICE would have waited for USCIS to adjudicate Petitioner's VAWA and adjustment of status applications.

Hence, Petitioner's Final Removal Order is unlawful and contrary to the APA, regulations and legal precedents and a violation of his due process rights.

Petitioner's contentions that he is entitled to relief are supported by legal authority. His case presents an issue of first impression in the Circuit which, pursuant to his Petition for Review, he will fully brief and argue before this Court.

The Ninth Circuit Court of Appeals has held that it is an abuse of discretion to deny a stay of deportation when an alien raises a non-frivolous constitutional issue which has not yet been decided by either this Circuit or by the Supreme Court. *Blancada v. Turnage*, 891 F.2d 688, 690 (9th Cir. 1989).

## II.   The Equities Favor a Stay

Not only does David have a strong likelihood of success on the merits of his Petition, but the equities overwhelmingly favor staying his removal pending review.

### A.   David Will Suffer Irreparable Injury Absent a Stay.

A showing of irreparable injury is "dependent upon the circumstances of the particular case." *Nken*, 556 U.S. at 435; (removal does not qualify as "categorically irreparable"). Under the circumstances of this case, removal would surely cause irreparable harm. If returned to Italy, David would lose his job in the United States, as well as his permanent resident status application that is currently pending with USCIS. Petitioner is eligible to adjust his status in the U.S. as soon as

his pending VAWA application is approved as he has no inadmissibilities or bars to adjustment under VAWA.

Moreover, Petitioner has a substantial liberty interest at stake—his right to remain in the United States; receive support as a crime victim who sustained physical, psychological, and emotional abuse by his United States citizen spouse; and to regularize his status under a humanitarian form of relief from removal.

A denial of a Stay of Deportation would allow the DHS to continue Petitioner's arrest and act to remove him and render his Petition for Review moot. Furthermore, if Respondent is removed, he will be subject to a ten-year bar from entering the United States and no longer able to pursue his adjustment of status application.

David's removal would immediately trigger extremely harsh immigration consequences, including bars to admissibility (of which he currently has none) based on unlawful presence and removal, even though his removal order was issued in legal error as explained above. If removed, Petitioner will be subject to a 10-year re-entry bar as well as a 10-year removal bar which will prevent him from returning to the United States for a 10-year period following his removal.

**B.  Denying a Stay Pending Appeal Would Not Cause Irreparable Harm to the Government or Undermine the Public Interest.**

Particularly given the substantial risk of irreparable harm to David absent a stay, the remaining stay factors—injury to other parties in the litigation and the public interest, which merge in immigration cases because the government is both the opposing litigant and the representative of the public interest, *Nken*, 556 U.S. at 435—do not support denying relief.  Although the government and public have a general interest in the "prompt execution of removal orders," the public also has an interest in "preventing aliens from being wrongfully removed."  Id. at 436.  The public also has interest in the government following proper rule-making under the APA and complying with the law, which they did not follow in this case. For reasons given supra, odds are high that removal in this case would ultimately prove wrongful.

Moreover, nothing in the record suggests that the government or public has any particular interest in David's immediate removal.  David is neither "particularly dangerous'" nor has he "substantially prolonged his stay by abusing the process provided to him"—the two circumstances, according to the Supreme Court, where denial of a stay might be warranted. In fact, ICE has failed to charge David with any removability reasons other than a Visa Waiver overstay. He is not

a criminal nor a flight risk, as he has a pending VAWA-based adjustment of status application with USCIS and has every reason to see it through. Given the length of time he has spent in the country and his victim status, any harm to the Government is far outweighed by the harm to Petitioner.

## CONCLUSION

For the foregoing reasons, David D'Ambrosio seeks the protection of this Court and respectfully requests that this Court grant his motion for a stay of removal during this Court's consideration of his Petition for Review. No review of the Final Administrative Order has been sought in the district court because the Court of Appeals is the proper court in which to seek this Stay.

Respectfully Submitted,

*Karen Weinstock*

_____
Karen Weinstock
Attorney for Petitioner
Weinstock Immigration Lawyers, P.C.
1827 Independence Square
Atlanta, GA 30338
Phone: (770) 913-0800
Court Bar# 1216533

Dated: April 8, 2025

# CERTIFICATE OF SERVICE

This is to certify that I have this day served the following respondents in the foregoing matter with copies of the PETITIONER'S EMERGENCY MOTION FOR A STAY OF REMOVAL through electronic means via the Court's CM/ECF system:

Pamela Bondi, U.S. Attorney General

Kristi Noem, Secretary of the Department of Homeland Security

Todd Lyons, Assistant Secretary of Immigration & Customs Enforcement

This 8th day of April, 2025

Respectfully Submitted,

*Karen Weinstock*

_____

Karen Weinstock
Weinstock Immigration Lawyers, P.C.
1827 Independence Square
Atlanta, GA 30338
Phone: (770) 913-0800
Fax: (770) 913-0888

Attorney for Petitioner
Court Bar# 1216533