# No. 25-1342

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT**
_____

**DAVID D'AMBROSIO,
A 219-633-255,
(DETAINED)**

**Petitioner,**

v.

**PAMELA J. BONDI,[1]
UNITED STATES ATTORNEY GENERAL,**

**Respondent.**
_____

**RESPONDENT'S OPPOSITION TO PETITIONER'S
MOTION FOR STAY OF REMOVAL**
_____

On April 8, 2025, Petitioner David D'Ambrosio filed a petition for review of a final administrative removal order issued by the Department of Homeland Security ("DHS") alleging removability as a nonimmigrant visitor who violated the conditions of his admission under the Visa Waiver Program ("VWP"). Exhibit A, *Final Administrative Removal Order, dated April 7, 2025*; Exhibit B, *Notice of*

---

[1] Under 8 U.S.C. § 1252(b)(3)(A) (2018), the Respondent in a petition for review of a final order of removal is the United States Attorney General. Respondent respectfully requests the Court to update the docket to reflect that Attorney General Bondi is the single Respondent in this case.

*Intent to Issue A Final Administrative Removal Order, dated March 3, 2025*. Mr. D'Ambrosio also filed an emergency motion for a stay of removal. Respondent opposes the motion for a stay of removal because Mr. D'Ambrosio does not meet the requirements for a stay articulated by the Supreme Court in *Nken v. Holder*, 556 U.S. 418, 434 (2009), because he has not made the necessary showing that he is likely to succeed on the merits of his claims. Accordingly, this Court should deny his request for a discretionary stay of removal and vacate the temporary stay of removal. Based upon information provided to undersigned by DHS, Mr. D'Ambrosio is detained with no scheduled removal plans at this time.

## BACKGROUND

Mr. D'Ambrosio is a native of Venezuela and a citizen of Italy. Exh. B. On March 3, 2025, DHS issued a notice of intent to issue a final administrative removal order that alleged Mr. D'Ambrosio is a native of Venezuela and a citizen of Italy who was admitted at Boston Logan Airport on or about April 14, 2017, as a nonimmigrant visitor with authorization to remain in the United States for a period not to exceed July 12, 2017. *Id.* On April 7, 2025, DHS issued a final administrative order that ordered Mr. D'Ambrosio removed to Italy because he violated the VWP. Exh. A. The petition for review and the emergency stay motion followed.

# ARGUMENT

In *Nken*, the Supreme Court explained that the federal courts of appeals possess inherent authority to issue stays of removal, but added that "[a] stay is an intrusion into the ordinary processes of administration and judicial review." 556 U.S. at 427 (internal quotation marks omitted). A stay pending adjudication by an appellate court is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* at 433 (internal quotation marks omitted).

The Supreme Court further explained that, although a stay of removal in immigration proceedings is discretionary, the adjudication of a stay request is nevertheless governed by a four-factor test that requires courts to consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (internal quotation marks omitted). In deciding whether to grant a stay, the first two factors are "the most critical." *Id.* And, for an applicant to make "a strong showing" of a likelihood of success under the first factor, "[i]t is not enough that the chance of success on the merits be better than negligible." *Id.*

The Court should deny Mr. D'Ambrosio's request for a stay of removal because he fails to demonstrate one of the "most critical" factors the Court must consider in adjudicating his motion – his likelihood of success on the merits. *Nken*, 556 U.S. at 434. Mr. D'Ambrosio was admitted under the Visa Waiver Program, which required him to forego any right to challenge his removal, except on the basis of an application for asylum. 8 U.S.C. § 1187(b)(2); *see, e.g., Shabaj v. Holder*, 602 F.3d 103, 104 (2d Cir. 2010) ("[I]n exchange for the benefit of entering under the expedited process of the [VWP], the signing alien agrees to waive any right to challenge removability except by way of an asylum claim."). The waiver provision is "the linchpin of the program," in that it "assures that a person who comes [to the United States] with a VWP visa will leave on time and will not raise a host of legal and factual claims to impede his removal if he overstays." *Handa v. Clark*, 401 F.3d 1129, 1135 (9th Cir. 2005). Mr. D'Ambrosio did not apply for asylum and only raises a thin challenge to the validity of his waiver. Pet'r's Mot. at 6-7. He thus has failed to present an issue that this Court can review, much less one where he is substantially likely to prevail.

Additionally, his argument based on his VAWA application is speculative as he does not even have an approved petition at this time. Moreover, Mr. D'Ambrosio has been removable since he overstayed his VWP entry in 2017. Exh.

4

B. He is thus ineligible to adjust status under 8 U.S.C. § 1255(a)(2), which requires an applicant to be eligible to receive an immigrant visa. *See Oriordan v. Barr*, 925 F.3d 6, 15 (1st Cir. 2019) (VWP removal order rendered applicant ineligible under § 1255(a)(2)). Thus, he fails to demonstrate a likelihood of success on the merits where the federal courts are strictly limited in reviewing challenges in connection with a VWP removal order. *Nken*, 556 U.S. at 434 (noting that the alien bears the burden of showing that his circumstances justify a stay of removal).

To the extent Mr. D'Ambrosio raises a due process claim, he fails to identify any prejudice. *See O'Riordan*, 925 F.3d at 16 (alien was not denied due process due to fact that he was too young at time of his admission to knowingly and intelligently waive his right to contest removability when his parents executed the waiver for his entry). Without a supporting declaration, Mr. D'Ambrosio stops short of alleging his waiver was unknowing or involuntary and his counsel's suggestion to the contrary is not evidence. *See INS v. Phinpathya*, 464 U.S. 183, 188-89 n.6 (1984); Pet'r's Mot. (lacking a declaration). As the Seventh Circuit pointed out, there are two possible conclusions in cases where aliens challenge the validity of their waiver and Mr. D'Ambrosio's case is no different: "[h]ad he known what the waiver said, [the alien] would have had two options, either of which would have led to summary removal. If he had signed the waiver anyway,

knowing full well what it said, he would be in the same situation as he is now. If he had refused to sign, he would have been removed summarily at the border because he did not have a proper visa." *See Bayo v. Napolitano*, 593 F.3d 495, 505 (7th Cir. 2010).

The final two *Nken* factors—the harm to opposing party and the public interest—merge when the Government is the opposing party. *Nken*, 556 U.S. at 435. "There is always a public interest in prompt execution of removal orders[.]" *Id.* at 436; *id.* at 427 ("[A] reviewing court may not . . . reflexively hold[] a final order in abeyance pending review. . . . The parties and the public [are] . . . generally entitled to the prompt execution of orders that the legislature has made final."); *see also* Sen. Jud. Committee Rep. No. 104-249 at 7, 1996 WL 180026 ("If the United States is to have an immigration policy that is both fair and effective, the law and the commitment of those with the duty to apply or enforce it must be clear . . . . Aliens who violate U.S. immigration law should be removed from this country as soon as possible."). The fact that the Government is "the respondent in every removal proceeding does not make the public interest in each individual one negligible, as some courts have concluded." *Nken*, 556 U.S. at 435. Indeed, "[t]he interest in prompt removal may be heightened by the circumstances [of a particular case]," where, for example, "the alien is particularly dangerous, or has substantially prolonged his stay by abusing the processes provided to him." *Id.*

6

at 436.

A stay in this case would harm Respondent, as well as the public interest. "[T]he issuance of a stay would detrimentally impact the [Department of Homeland Security] by causing it to suspend execution of its deportation order[.]" *Jenkins v. INS*, 32 F.3d 11, 15 (2d Cir. 1994), *overruled on other grounds by Aguirre v. INS*, 79 F.3d 315, 316 (2d Cir. 1996). Congress has recognized the importance of this governmental interest. *Lucacela v. Reno*, 161 F.3d 1055, 1059 (7th Cir. 1998) (noting the "clear public interest (as expressed by Congress) in deporting illegal aliens without delay," and acknowledging that "Congress made it clear . . . that public policy has now shifted to enforcing deportation orders immediately"). Specifically, Congress has expressed its disapproval of the unwarranted delays that sometimes exist in the effort to remove aliens promptly. "Existing procedures to deny entry to and to remove illegal aliens from the United States are cumbersome and duplicative. Removal of aliens who enter the United States illegally, even those who are ordered deported after a full due process hearing, is an all-too-rare event." H. R. Rep. No. 104-469(I), at 107 (1996), 1996 WL 168955. As a result, Congress has stated its desire that "[a]liens who violate U.S. immigration law should be removed from this country as soon as possible. Exceptions should be provided only in extraordinary cases specified in the statute and approved by the Attorney General." S. Rep. No. 104-249, at 7 (1996), 1996

WL 180026 (emphasis added); *see Andreiu v. Ashcroft*, 253 F.3d 477, 484 (9th Cir. 2001) (noting that "Congress did not intend for courts to grant stays of removal every time an alien files a petition for review").

Thus, Congress has determined that the public interest is served by the prompt departure of removable aliens. *See Ofosu v. McElroy*, 98 F.3d 694, 702 (2d Cir. 1996) ("There is a strong public interest in compliance with the immigration laws by aliens who seek the protection of those laws."); *Sofinet v. INS*, 188 F.3d 703, 708 (7th Cir. 1999) (recognizing "the public interest in the speedy and effective enforcement of the immigration laws as applied to aliens who have not made a satisfactory showing of entitlement to asylum"); *see also Nken*, 556 U.S. at 436. To merit an injunction interfering with this process, Mr. D'Ambrosio must point to some factor to overcome the presumption that it is in the public's interest to remove him promptly. He has failed to do so. Therefore, the Government's interest and the public interest outweigh any alleged harm to Mr. D'Ambrosio, especially given his failure to show a likelihood of success on merits of his petition for review and his failure to offset the substantial injury a stay would have on the Government's interest in enforcing lawful orders of removal, *Nken* requires that the Court deny Mr. D'Ambrosio's motion for a stay of removal.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the motion for a stay of removal, and the temporary stay of removal should be vacated.

Respectfully submitted,

**YAAKOV M. ROTH**
Acting Assistant Attorney General
Civil Division

**EDWARD E. WIGGERS**
Senior Litigation Counsel
Office of Immigration Litigation

/s/A. Ashley Arthur
**A. ASHLEY ARTHUR**
COA Bar# 1198617
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 616-9132

April 11, 2025   Attorneys for Respondent

# CERTIFICATE OF COMPLIANCE

As required by Fed. R. App. P. 32(g)(1), I certify that this motion meets the requirements of Fed. R. App. P. 27(d)(2)(A) in that contains 1908 words, and therefore, no more than 5,200 words. I also certify that as required by Fed. R. App. P. 32(c)(1), the format of this motion meets the requirements of Fed. R. App. P. 27(d)(1), as it is proportionately spaced and has a typeface of 14 points Times Roman.

/s A. Ashley Arthur
**A. ASHLEY ARTHUR**
Trial Attorney
Office of Immigration Litigation
United States Department of Justice

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of April 2025, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system. Petitioner's counsel, Karen Weinstock, is a registered CM/ECF user and will be served through the CM/ECF system.

/s A. Ashley Arthur
**A. ASHLEY ARTHUR**
Trial Attorney
Office of Immigration Litigation
United States Department of Justice

**EXHIBIT A**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## VISA WAIVER PROGRAM (VWP)
## FINAL ADMINISTRATIVE REMOVAL ORDER

File Number: A 219 633 255

Alien's Name: DAMBROSIO, DAVID

### VISA WAIVER PROGRAM VIOLATOR

Based upon the allegations set forth in the Notice of Intent and evidence contained in the administrative record, I, the undersigned Deciding Official of the Department of Homeland Security (DHS), make the following determinations:

1. You are not a citizen or national of the United States;

2. You were admitted to the United States as a nonimmigrant visitor on __04/14/2017__ at __BOSTON, MA (LOGAN)__ pursuant to Section 217 of the Immigration and Nationality Act under the Visa Waiver Program after executing Form I-94W, Nonimmigrant Visa Waiver Arrival/Departure Document or the Electronic System of Travel Authorization (ESTA), either of which explained to you the conditions of admission under the Visa Waiver Program and that you waived any right to contest, other than on the basis of an application for asylum, any action for your removal; and

3. The administrative record establishes by clear and convincing evidence that you are removable.

By the power and authority vested in the Secretary of Homeland Security, and in me as the Secretary's delegate under the laws of the United States, I find you removable as charged and order that you be removed from the United States.

You are hereby ordered removed to: __ITALY__ (Country). This order is final and not subject to administrative appeal.

You have limited judicial appeal rights. DHS will proceed with your removal from the United States unless a court order is issued to stay your removal or an application for asylum, withholding or deferral of removal is pending before the Department of Justice, Executive Office for Immigration Review.

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Secretary of Homeland Security under the laws of the United States and by his or her direction, command any DHS Officer with authority to enforce United States immigration law to take into custody and remove from the United States, the above-named alien.

PATRICIA H HYDE Digitally signed by PATRICIA H HYDE
Date: 2025.04.05 13:55:07 -04'00'
PATRICIA HYDE - Acting Field Office Director
(Printed Name, Title, and Signature of Deciding Official) | Burlington, MA (City and State) | 04/05/2025 (Date)

### Certificate of Service

I personally served this Final Administrative Removal Order on the alien. I have determined that the person served with this document is the individual named on this form. I explained this Final Administrative Removal Order to the alien in the __English__ language, and confirmed that he/she understood it, ☒ without the need of an interpreter; OR ☐ via an interpreter, (Name/Title/ID/Company).

Thomas Botello, Thomas Botello, Deportation Officer
(Printed Name, Signature and Title of Officer) — 04/07/2025 (Date)

I acknowledge that I have received a copy of this Final Administrative Removal Order.

Refused to sign
(Alien's Signature) — 04/07/2025 (Date)

☒ Alien refused to acknowledge receipt of this document (Witness signature required if alien refuses to sign).

Dilma Pinto
(Printed Name, Signature and Title of Witness) — 4/7/25 (Date)

ICE Form 71-080 (1/16)    Page 1 of 1

EXHIBIT
1
4/7/25 MM

**EXHIBIT B**

FN3
405

# DEPARTMENT OF HOMELAND SECURITY
## U.S. Immigration and Customs Enforcement

## VISA WAIVER PROGRAM (VWP)
## NOTICE OF INTENT TO ISSUE A FINAL ADMINISTRATIVE REMOVAL ORDER

File Number: A219 633 255

Alien's Name: DAMBROSIO, DAVID

The Department of Homeland Security (DHS) has determined that you entered the United States pursuant to Section 217 of the Immigration and Nationality Act (INA or the Act). Accordingly, you signed and agreed to the conditions stated on Form I-94W, Nonimmigrant Visa Waiver Arrival/Departure Document or the Electronic System of Travel Authorization (ESTA), either of which explained to you the conditions of admission under the Visa Waiver Program. As a condition of your admission into the United States under the Visa Waiver Program, you agreed to waive your right to contest any removal action, other than on the basis of an application for asylum.

DHS alleges that:

1. You are not a citizen or national of the United States;

2. You are a native of VENEZUELA and a citizen of ITALY;

3. You were admitted to the United States at Boston Logan Airport on or about April 14, 2017 as a nonimmigrant WT with authorization to remain in the United States for a temporary period not to exceed July 12, 2017;

4. You remained in the United States beyond July 12, 2017 without authorization from the Immigration and Naturalization Service or its successor the Department of Homeland Security.

Based on the information above, you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 217 of the Immigration and Nationality Act (Act), in violation of Section 237(a) (1) (B) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a) (15) of the Act, you have remained in the United States for a time longer than permitted, in violation of this Act or any other law of the United States

Therefore, DHS is serving you this Notice of Intent to Issue a Final Administrative Removal Order ("Notice of Intent"). You are not entitled to a hearing before an Immigration Judge regarding your removability.

| St. ALBANS, VT | | 03/03/2025 | |
|---|---|---|---|
| (City and State) | | (Date) | |
| D. 4448 JOHNSTON | SDDO | | |
| (Printed Name) | (Title) | (Signature of Issuing Officer) | |

**If you wish to contest any of the above factual allegations or your removability, you will be granted 48 hours from the time of service of this notice to do so.** You may request, for good cause, an extension of time to rebut the charges stated above, to obtain supporting evidence, or to consult an attorney. If you fear persecution in your country of nationality, citizenship, or last residence on account of race, religion, nationality, membership in a particular social group, or political opinion you may apply for asylum under section 208 of the Act or withholding of removal under section 241(b)(3) of the Act. If you fear torture in your country of nationality, citizenship, or last residence, you may apply for withholding or deferral of removal under regulations implementing U.S. obligations under Article 3 of the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (Convention Against Torture). A grant of withholding or deferral of removal would prohibit your return to a country or countries where you are more likely than not to be persecuted or tortured, but would not prevent your removal to other countries. If you fail to respond to these charges within the required timeframe, you will be ordered removed from the United States to your country of nationality, citizenship, or last residence. In the event DHS cannot remove you to one of the aforementioned countries, attempts will be made to remove you to a country in accordance with section 241(b)(2)(E) of the Act. You do not have any administrative appeal rights once the removal order has been issued by the deciding official. Subject to DHS's discretion, you may be detained pending your removal.

**Certificate of Service**

I personally served this Notice of Intent on the alien. I have determined that the person served with this document is the individual named on this form. I explained this Notice of Intent to the alien in the ___English___ language, and confirmed that he / she understood it,

☒ without the need of an interpreter; OR

☐ via an interpreter, _____ (Name/Title/ID/Company).

Thomas Botello, Deportation Offr     _Thomas B._ (Signature of Officer)     03/04/2025 4:00p
(Printed Name and Title of Officer)

**I acknowledge that I have received this Notice of Intent**

_____        _____
(Alien's Signature)                          (Date)

☒ Alien refused to acknowledge receipt of this document (witness signature required if alien refuses to sign).

Thomas Botello, Deportation Offr     _Thomas B._     03/04/2025
(Printed Name and Title of Witness)   (Signature of Witness)     (Date/Time)

**I do not wish to contest the allegations and charge(s) contained in the Notice of Intent**

☐ I admit the allegations and charge(s) in this Notice of Intent. I do not wish to request Asylum, Withholding or Deferral of Removal. I wish to be removed from the United States to my country of nationality, citizenship, or last residence.

☐ I admit the allegations and charge(s) in this Notice of Intent. However, I wish to request Asylum, Withholding or Deferral of Removal as noted below.

**OR**
**I Wish to Contest Removability**

☒ I contest the allegations and charge(s) in this Notice of Intent: (Attach any supporting documentation)
  ☐ I am a citizen or national of the United States.
  ☐ I am a lawful permanent resident of the United States.
  ☐ I have been granted refugee or asylee status in the United States, or withholding or deferral of removal.
  ☐ I did not last enter the United States pursuant to the Visa Waiver Program.
  ☐ I am in compliance with the terms of my admission and was admissible at the time of entry.
  ☐ I am a citizen of _____ and eligible for Temporary Protected Status in accordance with Section 244 of the Act.
  ☒ Other _I'm going through VAWA application cause i'm victim of abuse and extreme cruelty by my citizen wife_

**AND / OR**
**I Wish to Request Asylum, Withholding or Deferral of Removal**

☐ I request asylum, withholding or deferral of removal to _____ (Name(s) of Country or Countries):

  ☐ Under Sections 208 or 241(b)(3) of the Act, because I fear persecution on account of my race, religion, nationality, membership in a particular social group, or political opinion in that country or those countries.

  ☐ Under the regulations implementing U.S. obligations under Article 3 of the Convention Against Torture, because I fear torture in that country or those countries.

_[signature]_        03/07/2025
(Alien's Signature)    (Date)

The alien was provided a copy of this Notice of Intent. After having provided the alien with a 48-hour period to respond (if applicable) to these allegations and charge(s), the alien has (check all boxes that apply):

☐ Admitted the allegations and charge(s).
☒ Contested the allegations.
☐ Not made any claim for relief from removal.
☐ Made a request for asylum, withholding, or deferral of removal (Form I-863 Notice of Referral to Immigration Judge issued).
☐ Failed or refused to respond to the allegations.

Thomas Botello, Deportation Offr     _Thomas B._     03/07/2025 2:35pm
(Printed Name and Title of Officer)   (Signature of Officer)     (Date/Time)

ICE Form 71-058 (1/16)                                    Page 2 of 2